JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NAVARRETE QUINTANA,<br><br>Plaintiff,<br><br>v.<br><br>CYNTHIA E. LERMOND, et al.,<br><br>Defendants. | Case No. 2:24-cv-03524-WLH-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND AS DUPLICATIVE OF AN EXISTING ACTION** |

**I.     Pertinent Procedural History and Plaintiff's Claims**

On April 25, 2024, Plaintiff Paul Navarrete Quintana ("Plaintiff"), proceeding pro se, filed his complaint pursuant to 42 U.S.C. § 1983. [Dkt. No. 1 (the "2024 Complaint").] In 2023, Plaintiff filed a 42 U.S.C. § 1983 complaint naming most of the same defendants. *See Quintana v. Lermond, et al.*, No. 5:23-cv-01522-WLH-PD (the "2023 Complaint"), Dkt. No. 1.

On August 22, 2024, the Court issued an Order to Show Cause why the 2024 Complaint should not be dismissed as duplicative ("First OSC"). [Dkt. No. 15.] The First OSC was mailed to Plaintiff at the address he provided on the Complaint at Patton State Hospital, and it came back in the mail labeled "RTS [return to sender] not county." [Dkt. No. 17.] The Court mailed the

First OSC to Plaintiff again and set a new deadline to show cause of November 1, 2024 why the 2024 Complaint should not be dismissed as duplicative of the 2023 Complaint ("Second OSC"). [Dkt. No. 19.]

To date, Plaintiff has not responded to the First or Second OSC. Plaintiff's last submission to the Court was a request for screening, which the Court completed on August 22, 2024 with the First OSC and its subsequent August 23, 2024 Order Denying Plaintiff's Application to Proceed with Service of the Complaint. [Dkt. Nos. 13, 15, 16.] The Second OSC has not been returned by mail to the Court, and the Court has no basis to conclude that Plaintiff was unaware of the November 1, 2024 deadline to respond to the Second OSC.

Accordingly, the 2024 Complaint is now subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6. The 2024 case is also subject to dismissal as duplicative of the 2023 Complaint.

II. **Dismissal Based on Failure to Prosecute**

Rule 41(b) grants district courts the authority to dismiss an action on its own motion for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Here, the first two factors—public interest in expeditious resolution of litigation and the need to manage the Court's docket—weigh in favor of dismissal. Plaintiff did not respond to the Court as to why he should have two ongoing actions against nearly all the same defendants regarding the same allegations and requests for relief. Plaintiff's failure to respond or show good cause for his delay in responding prevents the Court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor—prejudice to Defendants—does not counsel in favor of dismissal because no viable pleading exists, and thus Defendants might be unaware that a case has been filed. However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994); *Moore v. Teflon Commc'ns Corp.*, 589 F.2d 959, 967–68 (9th Cir. 1978). Plaintiff's inaction in this matter is an unreasonable delay, given that the Court has mailed several orders to Plaintiff and received no communication. In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor—the availability of less drastic sanctions—ordinarily counsels against dismissal. However, the Court attempted to avoid outright dismissal by giving Plaintiff ample time to communicate with the Court, warning Plaintiff that failure to comply with the Court's orders could result in dismissal, and resending and resetting the order to show cause when it appeared Plaintiff did not receive it. [Dkt. Nos. 15, 19.] Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and

found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor—the general policy favoring resolution on the merits—ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal. The Court concludes that dismissal for failure to prosecute is warranted.

### III. Dismissal of the 2024 Complaint as Duplicative

"District courts retain broad discretion to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (brackets, citations, and internal quotation marks omitted). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* "[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689.

In his two complaints, Plaintiff essentially seeks the same relief for the

4

same causes of action based on the same conduct against the same individuals. To the extent Plaintiff believes there is anything or anyone missing from the 2023 Complaint, he would not be prejudiced by dismissal of the 2024 Complaint because the Court has provided, and continues to provide, Plaintiff with leave to amend the 2023 Complaint after the date he filed the 2024 Complaint. *Quintana v. Lermond, et al.*, No. 5:23-cv-01522-WLH-PD, Dkt. Nos. 36, 44, 51.

In sum, the 2024 Complaint is duplicative of the 2023 Complaint and should be dismissed.

## IV. ORDER

For the foregoing reasons, this action is dismissed for failure to prosecute and as duplicative of an existing action.

Dated: November 25, 2024

_____
HONORABLE WESLEY L. HSU
UNITED STATES DISTRICT JUDGE